# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRYAN ZUIDEMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-306 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| RAYMOND CHRISTOPHER, INC., ) | |
| *a Michigan corporation d/b/a* ) | |
| CINNABON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to dismiss [13] Counts III and IV of Plaintiff's complaint [1] pursuant to Federal Rule of Civil Procedure 12(b)(6). Count III of the complaint is a claim for battery and Count IV is a claim for intentional infliction of emotional distress ("IIED"). For the reasons stated below, Defendant's motion to dismiss is respectfully denied.

**I.  Background**[1]

Plaintiff Bryan Zudeima ("Zudeima" or "Plaintiff") was formerly employed by Defendant Raymond Christopher, Inc., d/b/a Cinnabon ("Cinnabon"). ¶ 1. Plaintiff alleges that he was "harassed based on his gender" while working at Cinnabon's Chicago Ridge Mall location. ¶ 7. Between September 18 and October 2, 2009, Jonathan Ackerman ("Ackerman"), Cinnabon's corporate trainer, made comments to Plaintiff about bending over; called him "sexy;" said that he would have his way with him out in the back of the shed; and commented about how he likes "rugged men." ¶ 8. Additionally, Ackerman brushed his hand across Plaintiff's face, and came up from behind him and started to rub his shoulders, all without

---

[1] For purposes of Defendant's motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, all citations in this section correspond to Plaintiff's complaint [1].

Plaintiff's consent. *Id*. Plaintiff rejected Ackerman's advances and found the conduct to be offensive and unwelcomed. ¶ 9.

Plaintiff reported the alleged sexual harassment to Wendy Koslowski ("Koslowski"), Cinnabon's Vice President of Operations, "in September, 2009." ¶ 10. Plaintiff alleges that Koslowski did not take corrective action to remedy to the sexual harassment. ¶ 16. As a result of Ackerman's conduct, Plaintiff found the working conditions at the Cinnabon to be intolerable and quit on October 2, 2009. ¶ 16. On December 24, 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. ¶ 13. On December 23, 2010, the EEOC issued a Notice of Right to Sue. Ex. A to Cmplt.

In his four-count complaint, Plaintiff asserts claims under 42 U.S.C. § 2000e-2(a) for sexual harassment (Count I), constructive discharge (Count II), battery (Count III), and intentional infliction of emotional distress (Count IV).[2] Defendant has answered Counts I and II of the complaint [12], and has moved to dismiss Counts III and IV.

## II.  Legal Standard on Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient

---

[2] The Court has subject matter jurisdiction under 28 U.S.C. § 1331 since this action is brought under 42 U.S.C. § 2000e. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2

to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). As noted above, the Court accepts as true all well-pleaded facts alleged by Plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### III.     Analysis

Defendant advances three principal arguments in support of its motion to dismiss. First, Defendant argues that Plaintiff's complaint establishes that Plaintiff cannot hold Cinnabon responsible for Ackerman's tortious conduct under the theory of *respondeat superior*. (Mot. to Dismiss [13] at 2). Second, Defendant argues that Plaintiff's common law claims of battery (Count III) and intentional infliction of emotional distress (Count IV) are preempted by the Illinois Human Rights Act which precludes civil litigation for matters related to civil rights violations. (*Id.* at 4). And third, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress is inadequate and should be dismissed. (*Id.* at 4-5).

#### A.     *Vicarious Liability*

The only Defendant in this lawsuit is Cinnabon; Plaintiff has not sued Ackerman, the Cinnabon employee alleged to have harassed him. Defendant claims that Plaintiff's complaint

3

establishes that Plaintiff cannot hold Cinnabon responsible for battery and IIED under the theory of *respondeat superior*.

Under traditional principles of *respondeat superior*, an employer may be held liable for the torts of its employee if the tort is committed within the scope of employment. *Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 864 (N.D. Ill. 2008) (citing *Pyne v. Witmer*, 543 N.E. 2d 1304, 1308 (Ill. 1989)). *Respondeat superior* can apply even if the conduct is negligent, willful, malicious, or even criminal, so long as it is committed within the scope of employment. *Id.* (citing *Bagent v. Blessing Care Corp.*, 862 N.E. 2d 985, 991 (Ill. 2007)). Conduct is considered within the scope of employment, if the conduct is "(1) of the kind the employee is employed to perform; (2) occurs substantially within the authorized time and space limits; and (3) is actuated, at least in part, by a purpose to serve the master." *Id.* (citing *Bagent*, 862 N.E.2d at 992). When the motive for the employee's tort is personal and *solely* for the benefit of the employee, the employer is not subject to liability. *Wright v. City of Danville*, 675 N.E.2d 110, 118 (Ill. 1996). If, however, the employee acts to further his employer's interests as well as his own interests, the employer may be held liable under the doctrine of *respondent superior*. *Bagent*, 862 N.E.2d at 995.

As a general matter, Illinois courts have consistently held that acts of sexual assault, misconduct, and harassment are outside the scope of employment as a matter of law. See *Deloney v. Bd. of Edu. of Thornton Township*, 666 N.E.2d 792, 797-98 (Ill. App. Ct. 1st Dist. 1996) (collecting cases); *Krause v. Turnberry Country Club*, 571 F. Supp. 2d at 864 (collecting cases); *Hayes v. White*, 1998 WL 142450, 1998 U.S. Dist. LEXIS 3652 (N.D. Ill. Mar. 23, 1998) ("Illinois courts have held that acts of sexual misconduct are outside the scope of employment as a matter of law."). Underlying these cases is the rationale that sexually-harassing behavior is

4

undertaken specifically for the benefit of the employee and is "necessarily unrelated to his employer's objectives." *Krause*, 571 F. Supp. 2d at 864. Plaintiff's arguments that Ackerman's behavior "may have been part of [his] duties to make employees feel at ease and comfortable in the workplace" and that "Ackerman's intentions may have been good and in furtherance of [Defendant's] goal of maintaining a collegial workforce" (Pl. Mem. [18] at 6) must fail in the face of the "long line of cases applying Illinois law [that] hold that acts of sexual misconduct are outside the scope of employment as a matter of law." *Luttrell v. O'Connor Chevrolet, Inc.*, 2001 WL 1105125, at *4 (N.D. Ill. Sept. 19, 2001) (citing *Dockter v. Rudolf Wolff Futures, Inc.*, 684 F. Supp. 532 (N.D. Ill. 1988) (sexual harassment of employee by supervisor was committed solely for the benefit of the employee).[3]

However, there is another basis under which Defendant may be liable for Ackerman's tortious conduct. Plaintiff alleges that he reported Ackerman's conduct to Koslowski. When Koslowski failed to take any action to remedy the situation, Ackerman's behavior continued and Plaintiff was forced to quit. "Several courts in this district have acknowledged that 'management's knowledge coupled with lack of follow-up action is equivalent to express authorization of injurious conduct.'" *Thomas v. Habitat Co.*, 213 F. Supp. 2d 887, 892-93 (N.D. Ill. 2002) (quoting *Quela v. Payco-General Am. Credits, Inc.*, 84 F. Supp. 2d 956, 960 (N.D. Ill.

---

[3] Plaintiff cites *Krause v. Turnberry Couintry Club*, 571 F. Supp. 2d 851 (N.D. Ill. 2008) as an example of a case involving sexual harassment that survived a motion to dismiss on the *respondeat superior* issue. However, in *Krause*, the district court was careful to distinguish between the conduct that could not give rise to vicarious liability (the "allegations of sexual misconduct [that the plaintiff used] to support her assault and battery, IIED, and false imprisonment claims") and those that could, which involved the employer pulling the plaintiff into his office and telling her that she was committing "career suicide." *Krause*, 571 F. Supp. 2d at 865. The court reasoned that the later conduct was "unlike the allegations of sexual misconduct" and was not, as a matter of law "outside the scope of employment" because it "may have been attempting to eliminate the threat of a potential lawsuit against [the employer], avert a potential lawsuit against himself, save his own job, counsel an employee whom he previously supervised, or accomplish a number of these objectives." *Id.* Here, Plaintiff's complaint does not contain any allegations apart from those that form the basis of his sexual harassment/battery claims.

5

2000); see also *Lujano v. Town of Cicero*, 691 F. Supp. 2d 873, 888 (N.D. Ill. 2010); *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 730 (N.D. Ill. 1993). "'It is well established that an informed ratification is equivalent to an original authorization.'" *Id.* (quoting *Knuepfer v. Fawell*, 449 N.E.2d 1312, 1314 (Ill. 1983)); see also *Tolle v. Interstate Sys. Truck Lines, Inc.*, 356 N.E. 2d 625, 626-27 (Ill. App. Ct. 5th Dist. 1976) (contrasting vicarious liability with liability based on act of ratification).

Defendant contends that Koslowski did not have enough time to "remedy the situation" before Plaintiff quit. Plaintiff alleges that the harassment began on September 18, 2009 (Cmplt. at ¶ 7), that he reported Ackerman "in September, 2009" (*Id.* at ¶ 10) and that he quit on October 2, 2009 (*Id.* at ¶ 16). This type of argument is unsuited for a motion to dismiss. Precisely what Koslowski knew, when she knew it, and what she did (or did not do) in response to Plaintiff's complaints are matters to be explored in discovery and resolved at trial or through a motion for summary judgment.

### B.     Preemption under the Illinois Human Rights Act

Next, Defendant argues that Plaintiff's battery and IIED claims are preempted by the Illinois Human Rights Act ("IHRA"). The IHRA states that: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8-111(C). The IHRA gives the Illinois Human Rights Commission exclusive jurisdiction over civil rights violations. *Naeem v. McKesson Drug Co.,* 444 F.3d 593, 602 (7th Cir. 2006) (citing 775 ILCS § 5/8-111(C)). Sexual harassment is a civil rights violation under the IHRA. 775 ILCS §§ 5/2-102 (D).

Both the Illinois Supreme Court and the Seventh Circuit have addressed the scope of IHRA preemption. In *Geise v. Phoenix Company of Chicago, Inc.*, 639 N.E.2d 1273 (Ill. 1994),

6

the Illinois Supreme Court held that the plaintiff's negligent retention and negligent hiring claims against her employer were preempted by the IHRA. In that case, the court explained that preemption applied because the plaintiff's negligence claims were "inextricably linked" to the sexual harassment claims against the plaintiffs supervisor, such that the plaintiff would have "no independent basis for imposing liability" on her employer apart from her civil rights action. *Id.* at 1277.

In *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 22 (Ill. 1997), the Illinois Supreme Court clarified the scope of its holding in *Geise* as it related to "tort claims which, though related to sexual harassment, have an independent basis in the common law." In *Maksimovic,* the Supreme Court held that whether a claim is preempted by the IHRA "depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Id.* at 23. In that case, the plaintiff's claims of assault, battery, and false imprisonment were not inextricably linked to her claim of sexual harassment because the plaintiff had alleged sufficient facts to establish the elements of those tort actions irrespective of whether those alleged facts also breached any legal duties created by the IHRA. *Id.* at 22-23.

The Seventh Circuit most recently weighed in on the issue of IHRA preemption in *Naeem*. In that case, the court of appeals explained the IHRA preemption rule as follows:

> The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it.

444 F.3d at 604 (internal citations and quotations omitted). The Seventh Circuit observed that the application of *Maksimovic* had led to sometimes inconsistent results in the courts in this district: "despite *Maksimovic*'*s* holding that preemption should rest on an examination of legal

7

duties, not on the factual basis of claims, district courts have found IHRA preemption of an intentional infliction of emotional distress claim when a plaintiff alleged the same conduct to support intentional infliction of emotional distress as was alleged to support a claim of disability, racial or sexual harassment." *Naeem,* 444 F. 3d at 603 n.4. The court of appeals cited with approval district court cases which "correctly looked to the source of the legal duty in determining preemption," rather than to the factual allegations giving rise to the claim. *Id.*; see also *Spahn v. Int'l Quality & Productivity*, 211 F. Supp.2d 1072, 1076 (N.D. Ill. 2002) (holding that it is "perfectly clear that the critical analysis focuses on legal duties, not facts"). In the context of the IIED claim at issue in *Naeem,* the Seventh Circuit explained that "discrimination and intentional infliction of emotional distress are different wrongs, and so torts that do not depend on a civil rights violation are not preempted." *Id.* at 604 (internal quotations omitted). In that case, the plaintiff's IIED claim was not preempted because her allegations could prove the elements of that claim independent of the civil rights violations covered by the IHRA. *Id.* at 605-06.

Most recently, in *Blount v. Stroud*, 904 N.E.2d 1, 9 (Ill. 2009), the Illinois Supreme Court held that the plaintiff's common law retaliatory discharge claim was not inextricably linked to a civil rights violation, because the plaintiff "established a basis for imposing liability on defendants independent of the Act." The Supreme Court reaffirmed its holding in *Maksimovic* that preemption should be determined by examining the source of the legal duty underlying the claim: "plaintiff's allegation that she was discharged in retaliation for her refusal to commit perjury could * * * be construed as retaliation for opposing unlawful discrimination-a violation of the Act's retaliation provision * * * [H]owever, plaintiff need not and does not rely

8

upon the public policy embodied in the Act to satisfy the elements of her common law tort claim." *Blount*, 904 N.E.2d at 10.

Applying the analysis endorsed by the Seventh Circuit in *Naeem,* which is consistent with the approach adopted by the Illinois Supreme Court's in *Blount,* plaintiff's IIED and battery claims are not preempted by the IHRA.

As to Plaintiff's IIED claim (Count IV), Plaintiff alleges that Ackerman engaged in extreme an outrageous conduct by making sexual statements to Plaintiff and touching him in a sexual manner. (Cmplt. at ¶ 1). Plaintiff also alleges to have suffered severe emotional distress and anguish as a proximate result of Ackerman's conduct. (*Id*. at ¶ 25). Although the IHRA creates a duty to keep a workplace free of sexual harassment, the duty not to commit the intentional tort of intentional infliction of emotional distress exists on its own. Plaintiff "need not and does not rely upon the public policy embodied in the Act" to satisfy her IIED claim. *Blount*, 904 N.E.2d at 10; see also *Weis v. Timberline Knolls, LLC*, 2011 WL 687137, at *5 (N.D. Feb. 17, 2011) (IIED claim related to workplace discrimination not preempted by IHRA); *Alford v. Aaron Rents, Inc.*, 2011 WL 1671537, at *9 (S.D. Ill. May 3, 2011) (IIED claim not preempted by IHRA sexual harassment suit); *Arnold v. Janssen Phamaceutica, Inc.*, 215 F. Supp.2d 951, 955 (N.D. Ill. 2002) ("That extreme and offensive conduct might also constitute sexual harassment * * * does not affect the viability of a tort claim for [intentional infliction of emotional distress].").

Similarly, Plaintiff has alleged enough at this stage to show that the intentional tort of battery exists on its own and is not so inextricably tied to the sexual harassment claim such that it would be preempted by the IHRA. Illinois defines battery as "a willful touching of the person of another or a successful attempt to commit violence upon the person of another." *Kijonka v.*

*Setizinger*, 363 F.3d 645, 647 (7th Cir. 2004) (citing 720 ILCS 5/12-1(a)).  In regard to the alleged battery, Plaintiff claims to have been touched by Ackerman in a sexual manner without his consent on various occasions.  (Cmplt. at ¶ 8).  Additionally, Plaintiff alleges that Ackerman's conduct was offensive to a reasonable person and that the conduct was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights and emotional well-being.  (*Id.* at ¶ 19).  Taking Plaintiff's allegations as true, the complaint establishes the standalone tort of battery.  Additionally, it cannot be said that the alleged battery is inextricably intertwined with the allegations of sexual harassment because the battery elements have been properly plead and the duty not to commit a battery is separate from any duty furnished by the IHRA.  See *Maksimovic*, 687 N.E.2d at 23 (holding that the plaintiff stated independent state law tort claims for battery that was not inextricably linked to her claim of sexual harassment); *Carr v. Avon Products, Inc.*, 2011 WL 43033, at *2-3 (N.D. Ill. Jan. 6, 2011) (same).

### C.     Intentional infliction of emotional distress

Finally, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress is inadequate and should be dismissed.  (Pl. Mem. at 4-5).  To establish an IIED claim under Illinois law, a plaintiff must prove that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to cause or was aware of a high probability that his conduct would cause severe emotional distress; and (3) the defendant's conduct did in fact cause such distress.  *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2007) (citing *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003)).

Defendant challenges the sufficiency of Plaintiff's allegations only as to the third element of an IIED claim—that Defendant's conduct did in fact cause Plaintiff severe emotional distress.

(Def. Mem. [13] at 5).[4] Defendant argues that in this regard, Plaintiff has merely "parrot[ed] the element[] of the tort," in that Plaintiff has alleged only that he "suffered severe emotional distress and anguish." (Cmplt. at ¶ 5). Plaintiff does not indicate anything specific about the emotional suffering that he experienced, and does not plead the existence of physical ramifications, medical treatment, or other factors that would point to severe emotional distress.

Claims for IIED are governed by Rule 8 of the Federal Rules of Civil Procedure. *Christensen v. County of Boone, IL*, 483 F.3d 454, 466 (7th Cir. 2007). Under Rule 8, a complaint "should be 'short and plain' and suffices if it notifies the defendant of the principal events." *Id.* (quoting *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003)). Furthermore, a complaint need not contain "all of the facts that would be necessary to prevail" and need not "plead facts matching elements of legal theories." *Id.* (concluding that plaintiff had adequately pled claim for IIED despite fact that complaint did not include facts elaborating on the plaintiff's alleged "a severe emotional injury").

---

[4] In its reply brief (at 8-11) Defendant argues for the first time that the conduct alleged in the complaint is not sufficiently "outrageous" or of a sufficient duration so as to support a claim for IIED. These sorts of arguments pertain to the first and second of the three IIED elements. Defendant makes these arguments after *specifically* indicating in its opening memorandum that it is only taking issue with the third element. As arguments raised for the first time in a reply brief are waived, *United States v. Adamson*, 441 F.3d 513, 521 n. 2 (7th Cir. 2006), the Court need not consider them. In any event, the Court has considered the allegations of the complaint and concludes that they are sufficient to state a claim for IIED. As Defendant itself recognizes in its opening brief, "whether the first two elements were plead with sufficiency is debatable." (Def. Mem. a 5). "Debatable" claims are precisely the kind that should survive a motion to dismiss. Furthermore, allegations similar to those in the instant complaint have been held to state a claim for IIED. See, *e.g. Carr v. Avon Products, Inc.*, 2011 WL 43033, at *3 (N.D. Ill. Jan. 6, 2011) (allegations that co-worker "(1) repeatedly touched plaintiff's arms, put his arms around plaintiff's waist and touched or squeezed plaintiff's buttocks, despite plaintiff's objections; (2) said plaintiff was a closeted homosexual and told plaintiff that he wanted to "f* * * the s* * * out of him"; (3) threatened plaintiff physically after plaintiff reported his conduct to management; and (4) falsely told management that plaintiff had threatened him" stated claim for IIED); *Fantauzzo v. Corfu Foods*, 2006 WL 273543, at *2 (N.D. Ill. Jan. 31, 2006) (allegations that plaintiff's supervisor "kissed, smelled, hugged and groped" him at the workplace (as well as threatening him) stated claim for IIED); see also *McGrath v. Fahey*, 533 N.E.2d 806, 810 (Ill. 1988) (Illinois law considers "improperly using a position of power or authority" to be a "significant consideration" in evaluating IIED claims); *Doe v. Sperlik*, 2005 WL 3299818, at *6 (N.D. Ill. Nov. 30, 2005) ("deliberate indifference to repeated complaints of sexual misconduct can form the basis for an emotional distress claim).

11

Under the circumstances here, "the plaintiffs' factual allegations described the principal events giving rise to the suit and attached them to a right of action cognizable under state law." *Id.* Plaintiff has adequately pled a claim for IIED. *Christensen*, 483 F.3d at 466; see also *Peck v. West Aurora School Dist. 129*, 2006 WL 2579678, at *8 (N.D. Ill. Aug. 30, 2006) (plaintiffs "sufficiently state a claim for IIED by alleging that * * * 'defendants' conduct actually caused severe emotional distress to the plaintiffs' and that '[t]he plaintiffs suffered severe emotion distress as a direct and proximate result of defendants' illegal conduct and omissions.'"). Plaintiff alleges that he suffered emotional injury, and the allegations in the complaint regarding Ackerman's conduct are sufficient to imbue this allegation with the requisite level of plausibility. *Twombly*, 550 U.S. at 570.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [13] is respectfully denied.

Dated: June 30, 2011

_____
Robert M. Dow, Jr.
United States District Judge